**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**September 15, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIO BURNETT LEWIS, a/k/a
Antonio Dean Lewis, a/k/a Antonio Keith
Lewis, a/k/a Antonio Syed Lewis,

    Defendant - Appellant.

No. 25-6076
(D.C. No. 5:24-CR-00278-J-1)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **McHUGH**, and **EID**, Circuit Judges.
_____

Antonio Burnett Lewis pleaded guilty to possession of a prohibited item, and the

district court sentenced him to 16 months in prison.  He filed a notice of appeal.

Lewis's plea agreement contains an appeal waiver, which the government

moves to enforce under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004)

(en banc).  In determining whether to enforce an appeal waiver under *Hahn*, we

consider:  "(1) whether the disputed appeal falls within the scope of the waiver of

appellate rights; (2) whether the defendant knowingly and voluntarily waived his

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

The government argues that all the *Hahn* conditions are established here: Lewis's appeal is within the scope of the waiver, his waiver was knowing and voluntary, and enforcing the waiver would not result in a miscarriage of justice. Lewis responds through counsel that he "does not oppose the government's motion to enforce the appeal waiver pursuant to his plea agreement." Resp. at 1. We therefore grant the motion and dismiss this appeal. We also grant the government's motion to seal Attachment 2 to its motion to enforce.

Entered for the Court

Per Curiam